UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ERIC JERELL WILSON, a/k/a Eric
Jerrel Wilson,
          *Defendant-Appellant.*

No. 02-4830

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-01-983)

Submitted: August 27, 2003

Decided: October 22, 2003

Before NIEMEYER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, P.A., Beaufort, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Eric Wilson appeals his conviction and sentence, pursuant to his guilty plea, for possession with intent to distribute more than fifty grams of cocaine base, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (2000), and use of a firearm during and in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A)(i) (2000). We affirm.

Wilson argues that the district court committed reversible error during the plea colloquy in explaining the potential penalties he faced. Wilson did not object during the plea hearing or move to withdraw his plea. Therefore, this court's review is for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). We therefore must determine (1) whether there was error; (2) whether it was plain; (3) whether it affected Wilson's substantial rights; and (4) whether, if the first three criteria are met, we should exercise our discretion to notice the error. *United States v. Martinez*, 277 F.3d 517, 529 (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)).

The Government concedes that the district court committed plain error by misstating the penalties Wilson faced. This court may consider the entire record when considering the effect of any error on Wilson's substantial rights. *Vonn*, 535 U.S. at 74-75. We have examined the entire record and conclude that the district court's error did not affect Wilson's substantial rights.

Accordingly, we affirm Wilson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*